# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| Dwayne Sims, | : | |
| | : | Case No. 1:23-cv-00105 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Jeffrey P. Hopkins |
| | : | |
| C/O McCloud, *et al.*, | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| Defendants. | : | |

## DEFENDANTS, CHRISTOPHER McCLOUD, JEREMY OPPY, AND COREY SAMMONS'S, ANSWER TO THE COMPLAINT [DOC. 10]

NOW COME the defendants, Christopher McCloud, Jeremy Oppy, and Corey Sammons, by and through counsel, and hereby state the following as their answer to Plaintiff's Complaint [Doc. 10]:

## FIRST AFFIRMATIVE DEFENSE

1. Defendants generally and specifically deny each and every allegation stated within Plaintiff's Complaint.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff has failed to state a claim upon which relief may be granted.

3. Plaintiff's Complaint fails to state the deprivation of a constitutional right.

4. Plaintiff's Complaint is barred by the doctrine of contributory negligence.

5. Plaintiff's claims are barred by assumption of risk.

6. Plaintiff's claims are barred, in whole or in part, by supervening, intervening acts or omissions not under the control of Defendants, including but not limited to Plaintiff's own actions or omissions.

7. Plaintiff is barred from any relief due to application of the unclean hands doctrine.

8. Defendants are entitled to immunity, including, but not limited to Eleventh Amendment, quasi-judicial, and qualified immunity.

9. To the extent that Plaintiff intends to seek monetary damages, Defendants assert qualified immunity and that he complied in good faith with the law at all relevant times.

10. 42 U.S.C. §1997e(a) demands dismissal of Plaintiff's Complaint because he failed to exhaust available administrative remedies with regard to all claims raised in said Complaint.

11. 42 U.S.C. § 1997e(e) demands dismissal of Plaintiff's claim for monetary damages because Plaintiff cannot demonstrate a prior showing of physical injury.

12. The Prison Litigation Reform Act of 1995 limits Plaintiff's requested relief, including, but not limited to, any request for attorney's fees.

13. Plaintiff's claims are barred by either claim preclusion, issue preclusion, or both.

14. Plaintiff's claims are barred by the applicable statute of limitations.

15. Plaintiff failed to name indispensable parties without whom complete relief is not possible.

16. Plaintiff's Complaint must fail due to the doctrine of waiver, in particular, *Leaman* waiver.

17. Plaintiff's claims are barred by the doctrine announced in *Heck v. Humphrey* and its progeny.

18. Plaintiff's claims are barred by the doctrine announced in *Henderson v. Baird* and its progeny.

19. Plaintiff's claims are barred by the doctrine of privilege and self-defense of person and self-defense of others.

20. Plaintiff has failed to state any facts that require the issuance of any injunctive relief, whether it be preliminary or permanent.

21. Plaintiff has failed to state any facts that entitle him to punitive damages.

22. Plaintiff is not entitled to declaratory relief when there exists other remedies at law and he seeks compensatory damages.

23. Plaintiff's injuries, if any, were *de minimis*, and do not rise to the level of a Constitutional violation.

24. Plaintiff's allegations are a simple disagreement of the amount and type of medical treatment he received.

25. Plaintiff did not suffer a physical injury, and therefore he is not entitled to damages for emotional distress, and/or pain and suffering.

26. Defendants reserve the right to assert such additional affirmative defenses as may become appropriate upon prior notice to Plaintiff.

WHEREFORE Defendants respectfully request that this Court issue an order dismissing Plaintiff's First Amended Complaint with prejudice, assessing costs to Plaintiff, certifying pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision cannot be taken in good faith, and awarding any other relief deemed necessary and just by the Court.

## **JURY DEMAND**

Defendants demand a trial by jury as to all claims for which a jury trial is available.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ D. Chadd McKitrick*
**D. CHADD MCKITRICK (0073750) – Lead Counsel**
**MARCY A. VONDERWELL (0101151)**
Senior Assistant Attorneys General
Criminal Justice Section
Corrections Litigation Unit
30 E. Broad Street, 23rd Floor
Columbus, Ohio 43215
Phone: (614) 644-7661
Fax: (866) 359-3383
Daniel.McKitrick@OhioAGO.gov
Marcy.Vonderwell@OhioAGO.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Defendants' Answer to the Complaint* has been electronically filed on June 15, 2023 and has been served upon Plaintiff via U.S. mail, postage prepaid at the below address.

Dwayne Sims, #A753-052
Toledo Correctional Institution
P.O. Box 80033
Toledo, Ohio 43608

*/s/ D. Chadd McKitrick*
**D. CHADD MCKITRICK (0073750)**
Senior Assistant Attorney General